UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DYLAN HANDY,

                Plaintiff,                          **DECISION AND ORDER**

        v.                                6:24-cv-06206 EAW

PAYCHEX, INC.,

                Defendant.

_____

## INTRODUCTION

Plaintiff Dylan Handy ("Plaintiff") brings this action against Defendant Paychex, Inc. ("Defendant"), asserting state-law claims for breach of contract, breach of fiduciary duty, and negligence, arising out of a retirement account disbursement that was intercepted by an unknown third-party. (Dkt. 1-2). Presently before the Court are Defendant's motion to dismiss (Dkt. 4) and Plaintiff's cross motion to remand to state court (Dkt. 10). Because Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq*. ("ERISA"), Defendant's motion to dismiss is granted and the cross motion to remand is denied. However, in the exercise of its discretion, the Court will allow Plaintiff to file a motion to amend in an attempt to assert an ERISA claim within 30 days of the date of this Decision and Order. The failure to do so will result in dismissal with prejudice and the closing of this case.

## BACKGROUND

The following facts are taken from the complaint. As required on a motion to dismiss, the Court treats Plaintiff's well-pleaded factual allegations as true. Plaintiff had a 401(k) retirement account maintained by Defendant with a balance in excess of $100,000. (Dkt. 1-2 at ¶ 11). In April 2023, Plaintiff requested that Defendant transfer the funds to an account he maintained at another financial institution. (*Id.* at ¶ 12). Defendant only facilitates such requests by issuing paper checks, not by a wire transfer or other electronic funds transfer. (*Id.* at ¶ 13).

On or about April 13, 2023, Defendant mailed two paper checks to Plaintiff. (*Id.* at ¶ 14). Plaintiff received the checks and then mailed them to his other financial institution. (*Id.* at ¶ 15). But the checks were intercepted in the mail and confiscated by an unknown third party. (*Id.* at ¶ 16). Plaintiff then notified Defendant that the checks were not received by the intended financial institution and Defendant told him that it was investigating the matter. (*Id.* at ¶¶ 17-18). Ultimately, in November 2023, Defendant denied liability for the intercepted checks but told Plaintiff that it would "continue to work with the banks" to determine "if there was any recourse." (*Id.* at ¶ 19). Defendant never provided Plaintiff with a subsequent update. (*Id.* at ¶ 20). Neither Defendant nor any other party has compensated Plaintiff for the intercepted checks. (*Id.* at ¶ 21). Plaintiff is subject to a 10 percent penalty with the Internal Revenue Service for an early withdrawal of his retirement account. (*Id.* at ¶ 23).

## PROCEDURAL HISTORY

Plaintiff commenced this action by filing a summons and complaint in New York State Supreme Court, Monroe County, on February 29, 2024.  (Dkt. 1 at ¶ 3; *see* Dkt. 1-2).  Defendant removed the action to this Court on April 8, 2024, citing federal question jurisdiction under ERISA.  (Dkt. 1 at ¶¶ 9-14).  Defendant filed the pending motion to dismiss on April 15, 2024.  (Dkt. 4).  Plaintiff filed his opposition and cross motion to remand on May 8, 2024.  (Dkt. 10).  Defendant filed its reply in further support of the motion to dismiss and opposition to Plaintiff's cross motion on May 29, 2024.  (Dkt. 13).

## DISCUSSION

### I.    Motion to Dismiss

Defendant moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) on the basis that Plaintiff's claims are preempted by ERISA.  (Dkt. 4-1 at 6).  Plaintiff counters that his claims do not relate to the terms of any benefit plan and are appropriately brought as state-law claims.  (Dkt. 10 at  2-5).  The Court agrees with Defendant.

#### A.  Rule 12(b)(6) Legal Standard

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."  *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff."  *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).  To withstand dismissal, a plaintiff

must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

### B. Defendant's Exhibits

In support of its motion, Defendant relies on two documents: (1) excerpts from the Qualified Retirement Plan adopted by Elm Street Technology LLC; and (2) the Summary Plan Description for the Plan. (*See* Dkt. 4-2 at ¶¶ 3-4; Dkt. 4-3; Dkt. 4-4). Defendant argues that these documents govern the terms of Plaintiff's retirement account maintenance and that the Court may consider them in deciding its motion. (Dkt. 4-1 at 6 n.2, 12).

Plaintiff is silent in his response as to whether the documents submitted by Defendant reflect the accurate plan documents. But the Court cannot on this record conclude that it would be appropriate to consider the documents.

"Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to consideration of the complaint itself." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). However, considering "materials outside the complaint is not entirely foreclosed on a 12(b)(6) motion." *Id.* "A complaint 'is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.'" *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). "'Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint "relies heavily upon its terms and effect," thereby rendering the document "integral to the complaint."'" *Id.* (quoting *DiFolco*, 622 F.3d at 111). "Even where a document is considered '"integral" to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.'" *Id.* at 231 (quoting *DiFolco*, 622 F.3d at 111). "[A] document is not integral simply because its contents are highly relevant to a plaintiff's allegations, but only when it is clear that the plaintiff relied on the document in preparing the complaint." *Doe v. Sarah Lawrence Coll.*, 453 F. Supp. 3d 653, 664 (S.D.N.Y. 2020) (quotation omitted).

Defendant describes Plaintiff's allegations as asserting "that [Plaintiff] was a participant in an ERISA-governed retirement plan sponsored and maintained by Elm Street Technology LLC . . . which is a Paychex client." (Dkt. 4-1 at 6). Yet Plaintiff's complaint is not as specific as Defendant argues regarding his 401(k) retirement benefit plan. Plaintiff does not reference a specific retirement plan nor Elm Street Technology LLC. Indeed, Plaintiff does not specify whether the contract on which he relies upon for the basis of his

breach of contract action is either written or implied.  (*See* Dkt. 1-2 at ¶ 25) ("[Plaintiff]

had either a written or implied contract with [Defendant] to maintain a retirement account

with funds owned by [Plaintiff].").  Accordingly, the record is not clear "that no dispute

exists regarding the authenticity or accuracy" of Defendant's exhibits, *see Nicosia*, 834

F.3d at 231, nor is it clear that Plaintiff relied on Defendant's exhibits in preparing the

complaint, *see Sarah Lawrence Coll.*, 453 F. Supp. 3d. at 664.  Therefore, the Court will

not consider Defendant's exhibits in deciding its motion to dismiss.

### C. ERISA Preemption

"Congress enacted ERISA to 'protect . . . the interests of participants in employee

benefit plans and their beneficiaries' by setting out substantive regulatory requirements for

employee benefit plans and to 'provide for appropriate remedies, sanctions, and ready

access to the Federal courts.'"  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004)

(quoting 29 U.S.C. § 1001(b)).  "The purpose of ERISA is to provide a uniform regulatory

regime over employee benefit plans."  *Id.*  "To this end, ERISA includes expansive pre-

emption provisions, which are intended to ensure that employee benefit plan regulation

would be 'exclusively a federal concern.'"  *Id.* (quoting *Alessi v. Raybestos-Manhattan,*

*Inc.*, 451 U.S. 504, 523 (1981)) (internal citation omitted).

"Section 514 of ERISA provides that the statute's provisions 'supersede any and all

State laws insofar as they may now or hereafter relate to any employee benefit plan.'"

*Harrison v. Metro. Life Ins. Co.*, 417 F. Supp. 2d 424, 431 (S.D.N.Y. 2006) (quoting 29

U.S.C. § 1144(a)).  "A law 'relates to' an employee benefit plan, in the normal sense of the

phrase, if it has a connection with or reference to such a plan."  *Shaw v. Delta Air Lines,*

*Inc.*, 463 U.S. 85, 96-97 (1983). "ERISA preemption is not limited to state laws that specifically affect employee benefit plans; it extends to state common-law contract and tort actions that relate to benefits as well." *Chau v. Hartford Life Ins. Co.*, 167 F. Supp. 3d 564, 571 (S.D.N.Y. 2016) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987)).

"To determine the preemptive effect of ERISA, the Supreme Court has developed a two-part test." *Shuriz Hishmeh M.D. v. Empire Healthchoice HMO, Inc.*, No. 16-CV-2780(ADS)(ARL), 2017 WL 663543, *5 (E.D.N.Y. Feb. 17, 2017). "[C]laims are completely preempted by ERISA if they are brought (i) by 'an individual [who] at some point in time, could have brought his claim under ERISA § 502(a)(1)(B),' and (ii) under circumstances in which 'there is no other independent legal duty that is implicated by a defendant's actions.'" *Id.* (quoting *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 328 (2d Cir. 2011)). "Where both of [these] factors are satisfied . . . ERISA will preempt the state law claim." *Id.* (quoting *N. Shore-Long Island Jewish Health Care Sys., Inc. v. MultiPlan, Inc.*, 953 F. Supp. 2d 419, 428 (E.D.N.Y. 2013)).

ERISA "§ 502(a)(1)(B) provides that a civil action may be brought '*by a participant or beneficiary*' of an ERISA plan to enforce certain rights under that plan pursuant to ERISA." *Montefiore Med. Ctr.*, 642 F.3d at 328-29 (emphasis in original). Generally, "claims that implicate coverage and benefits established by the terms of the ERISA benefit plan . . . . constitute claims for benefits that can be brought pursuant to § 502(a)(1)(B). . . ." *Id.* at 331. "Accordingly, ERISA preempts state law causes of action that aim 'to recover benefits due to [the plaintiff under the terms of the] plan, to enforce his rights under the

terms of the plan, or to clarify his rights to future benefits under the terms of the plan.'"
*Harrison*, 417 F. Supp. 2d at 431-32 (quoting *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 272 (2d Cir. 1994)).

Defendant argues that Plaintiff's state-law breach of contract, breach of fiduciary duty, and negligence claims are based on an ERISA-governed retirement plan and must be dismissed because the claims are preempted by ERISA. (Dkt. 4-1 at 6). Plaintiff contends in response that his claims do not dispute the terms of the 401(k) benefit plan nor the amount due to Plaintiff under the plan and therefore do not fall within ERISA's scope. (Dkt. 10 at 2-4). Turning to the allegations in Plaintiff's complaint, it is clear that his claims are rooted in the terms of an employee benefit plan to recover benefits due to him under the plan and therefore preempted by ERISA.

Plaintiff plainly alleges that he was a participant in an employee benefit program. In the complaint, Plaintiff states that Defendant "is a financial services company that, *inter alia*, offers employee benefit services, including retirement accounts" and that he participated in such program as he "maintained a 401(k) retirement account with [Defendant] with a balance of $116,125.45." (Dkt. 1-2 at ¶¶ 10-11). A 401(k) retirement account is an employee benefit plan governed by ERISA. *See, e.g.*, *Rosen v. UBS Fin. Servs. Inc.*, No. 22-CV-03880 (JLR), 2023 WL 6386919, at *4-6 (S.D.N.Y. Sept. 29, 2023) (analyzing claim related to a 401(k) as an ERISA-governed benefit plan). In his breach of contract claim, Plaintiff alleges that he "had either a written or implied contract with [Defendant] to maintain a retirement account with funds owned by [Plaintiff]." (Dkt. 1-2 at ¶ 25). Plaintiff alleges that Defendant breached a "material obligation" of that contract

"by failing to reissue a check for the stolen funds" or otherwise "reunite [Plaintiff] with his money" after the rollover checks were intercepted by a third party. (*Id.* at ¶¶ 26-27). In other words, Plaintiff grounds the terms of his breach of contract action in the "written or implied" contract he had regarding his ERISA-governed 401(k) retirement benefit account and now seeks to enforce the terms of that agreement.

Plaintiff makes similar allegations in his breach of fiduciary duty and negligence claims. In the breach of fiduciary duty claim, Plaintiff alleges that "[a] fiduciary relationship exists between [Defendant] and [Plaintiff] by nature of [Defendant's] maintenance of [Plaintiff's] retirement account." (Dkt. 1-2 at ¶ 31). Plaintiff alleges in his negligence claim that Defendant "had a duty to exercise ordinary care with regards to [Plaintiff's] funds" and "breached that duty by failing to reissue a check for the stolen funds." (*Id.* at ¶¶ 37-38). In each of his claims, Plaintiff seeks repayment of his retirement benefits based on a duty established by the purported contract and relationship between him and Defendant related to the maintenance of the 401(k) retirement benefit account. He does not allege any duty independent of that agreement or unrelated to the benefit plan.

In his opposition, Plaintiff argues that his claims are not governed by ERISA because "the parties here have no dispute as to the retirement benefits that were due to [Plaintiff]." (Dkt. 10 at 1). To support his contention, Plaintiff cites two out-of-circuit cases, and asserts that "claims where the amount of benefits due to a plaintiff are *not* in dispute are not said to relate to 'recovering benefits.'" (*Id.* at 3-4) (emphasis in original). Neither of the cases cited by Plaintiff are applicable here. In *Felix v. Lucent Technologies., Inc.*, 387 F.3d 1146 (10th Cir. 2004), relied on by Plaintiff, the Tenth Circuit held that the

plaintiffs did not seek to recover benefits, enforce their rights, or clarify their rights under an ERISA-governed benefits plan because the plaintiffs instead sought damages from their employer for fraudulent inducement to take early retirement.  *Id.* at 1159.  And in *Caldwell v. Sears Holdings Management Corp.*, No. 2:13-CV-626-TC, 2014 WL 1513296 (D. Utah Apr. 16, 2014), the plaintiff discontinued her medical coverage under her employee medical plan and sought recovery for paycheck deductions that continued after she cancelled her coverage.  *Id.* at *1.  These cases are inapposite to Plaintiff's claims, in which he seeks to enforce the terms of a benefit plan to recover the value of his retirement account after it was allegedly stolen by a third party.

Plaintiff also contends that his lawsuit does not fall within ERISA's scope because it is "a garden-variety banking dispute."  (Dkt. 10 at 1).  Plaintiff provides no authority to support this contention and the Court will not search for caselaw to support his argument when he has not done so himself.  That said, the allegations in the complaint do not support Plaintiff's contention that the issues involve a banking dispute—rather, the basis for Plaintiff's claim against Defendant is the ERISA-governed plan administered by Defendant.

Furthermore, as Defendant points out, the case *Russell v. CVS Rx Services Inc.*, No. CV-16-00284-PHX-PGR, 2016 WL 9343117 (D. Ariz. May 16, 2016), is instructive.  In *Russell*, as here, the plaintiff alleged that she maintained a 401(k) retirement account with her employer.  2016 WL 9343117, at *1.  The plaintiff requested her employer make a distribution from the 401(k) to her regular bank account.  *Id.*  Her employer made the distribution, but deposited her 401(k) funds to the wrong account, which was owned by an

unknown third-party. *Id.* The plaintiff brought state-law claims that included breach of contract, breach of fiduciary duty, and negligence. *Id.* In holding that her state-law claims were preempted by ERISA, the district court stated that "[a]ll of [the plaintiff's] state law claims are based on [her employer's] duties under the 401k plan. . . ." *Id.* at *2. Plaintiff here similarly alleges that all of Defendant's duties are based on the terms of the 401(k) plan. (Dkt. 1-2 at ¶¶ 25-27, 31-33, 37-38).

Because Plaintiff seeks enforcement of the alleged terms of a benefit plan and to recover for breaches of alleged duties that were established through the maintenance of that benefit plan, Plaintiff's state-law claims are "related to" an employee benefit plan and therefore preempted by ERISA. Accordingly, Plaintiff's state-law claims must be dismissed. *See Cerasoli v. Xomed, Inc.*, 952 F. Supp. 152, 156-57 (W.D.N.Y. 1997) (holding that a breach of contract action brought against an employer for disability benefits was preempted by ERISA).

## II.    Motion to Remand

Plaintiff cross moved to remand this action back to state court, arguing that there is no federal question nor diversity jurisdiction. (Dkt. 10 at 5). Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to [a] district court of the United States"; however, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "A party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore*, 642 F.3d at 327. "In resolving a motion to remand,

the Court treats all facts alleged in the complaint as true." *Woolf v. Precision Techs. LLC*, No. 1:23-CV-1023 EAW, 2024 WL 4223650, *3 (W.D.N.Y. Sept. 18, 2024) (citing *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001)). "One category of cases over which the district courts have original jurisdiction are 'federal question' cases; that is, those cases arising under the Constitution, laws, or treaties of the United States." *Hall v. LSREF4 Lighthouse Corp. Acquisitions, LLC*, 220 F. Supp. 3d 381, 387 (W.D.N.Y. 2016) (quoting *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 63 (1987)).

As discussed above, Plaintiff's state-law claims are preempted by ERISA and therefore, removal to this Court was proper. Accordingly, Plaintiff's cross motion to remand is denied.

### III. Leave to Amend

Plaintiff includes one sentence at the end of his opposition memorandum asking for leave to amend if the Court finds that his claims are preempted by ERISA. (Dkt. 10 at 5). Defendant requests that the complaint be dismissed with prejudice, but makes no argument regarding Plaintiff's request for leave to amend. (*See* Dkt. 13 at 15). Plaintiff's request is not a proper motion for leave to amend, and fails to comply with the Local Rules of Civil Procedure with respect to the process for seeking to amend a pleading. In particular, Local Rule 15(a) provides, "[a] movant seeking to amend or supplement a pleading . . . must attach an unsigned copy of the proposed amended pleading as an exhibit to the motion," while Local Rule 15(b) requires parties represented by counsel to identify the proposed amendments "through the use of a word processing 'redline' function or other similar markings. . . ." Loc. R. Civ. P. 15(a), (b).

- 12 -

Although "the lack of a formal motion is not sufficient ground for a district court's dismissal without leave to amend, so long as the plaintiff has made its willingness to amend clear," the matter is ultimately "reserved to the discretion of the district court." *McLaughlin v. Anderson*, 962 F.2d 187, 195 (2d Cir. 1992); *see Altayyar v. Etsy, Inc.*, 731 F. App'x 35, 38 n.4 (2d Cir. 2018) ("When a plaintiff does 'not advise the district court how the complaint's defects would be cured,' . . . it is not an abuse of discretion to implicitly deny leave to amend."). Moreover, while "under Rule 15(a) of the Federal Rules of Civil Procedure leave to amend complaints should be 'freely given,' leave to amend need not be granted where the proposed amendment is futile." *Murdaugh v. City of New York*, No. 10 CIV. 7218 HB, 2011 WL 1991450, at *2 (S.D.N.Y. May 19, 2011); *see Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." (citation omitted)).

On the present record, the Court is not able to ascertain whether any ERISA claim asserted by Plaintiff would be futile. Accordingly, as opposed to granting Plaintiff the opportunity to file an amended complaint, the Court concludes that the most appropriate approach is to permit Plaintiff an opportunity to file *a motion* seeking leave to amend. Any such motion must comply with this Court's Local Rules and be filed within 30 days of the date of this Decision and Order, and upon such filing, a briefing schedule will be set. But if a motion is not filed by that deadline, the Clerk of Court is directed to enter judgment in favor of Defendant dismissing the action with prejudice and close the case.

- 13 -

## CONCLUSION

For the foregoing reasons Defendant's motion to dismiss (Dkt. 4) is granted, Plaintiff's cross motion to remand (Dkt. 10) is denied, and Plaintiff may file a motion for leave to amend the complaint to assert ERISA claim(s) within 30 days of the date of this Decision and Order.  The failure to file such a motion will result in dismissal of this case with prejudice.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: March 5, 2025
       Rochester, New York