UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DYLAN HANDY,

                Plaintiff,                    **DECISION AND ORDER**

        v.                          6:24-CV-06206 EAW

PAYCHEX, INC.,

                Defendant.

_____

## INTRODUCTION

Plaintiff Dylan Handy ("Plaintiff") brings this action against defendant Paychex, Inc. ("Defendant"), seeking to recover funds from his 401(k) retirement benefits plan after those funds were stolen by an unknown third-party. (Dkt. 1; Dkt. 16-3). The Court issued a Decision and Order dated March 5, 2025, dismissing Plaintiff's claims as preempted by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq*. ("ERISA"), but permitted Plaintiff to seek the Court's leave to file an amended complaint. (Dkt. 15). Plaintiff filed a motion for leave to amend with a proposed amended complaint that asserts a breach of fiduciary duty claim under ERISA. (Dkt. 16). For the reasons discussed below, the Court denies Plaintiff's motion because granting leave to amend would be futile.

- 1 -

## BACKGROUND

The Court assumes the parties' familiarity with the procedural background of this case.  A brief recitation of the pertinent allegations in Plaintiff's proposed amended complaint is below.  The well-pleaded factual allegations in the proposed amended complaint are taken as true.[1]

Plaintiff's proposed amended complaint maintains the core allegations of his prior pleading.  Plaintiff alleges that he had a 401(k) retirement account maintained by Defendant with a balance in excess of $100,000.  (Dkt. 16-3 at ¶¶ 2, 10-11).  After Plaintiff requested disbursement of the funds in the account, Defendant mailed him two checks comprising the total account balance.  (*Id.* at ¶¶ 12-14).  After Plaintiff received the checks, he forwarded them to a new financial institution.  (*Id.* at ¶ 15).  But the checks were intercepted by an unknown third-party.  (*Id.* at ¶ 16).  Plaintiff sought Defendant's assistance in recovering the checks and Defendant ultimately denied liability for the stolen checks.  (*Id.* at ¶¶ 17-19).  Although one check was recovered and the funds returned to Plaintiff, the second check has not been recovered.  (*Id.* at ¶¶ 21-22).  Plaintiff now claims that Defendant breached its ERISA-based fiduciary duty for failing to recover the stolen funds or otherwise reimburse Plaintiff.  (*Id.* at ¶¶ 29-34).  Defendant opposes Plaintiff's motion, arguing that granting Plaintiff leave to proceed on the proposed amended complaint would be futile.  (Dkt. 19).

---

[1]    When determining whether a proposed amended complaint would be futile, "[a]s when considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all well-pleaded facts and draw all reasonable inferences in the moving party's favor." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 456 (S.D.N.Y. 2016).

## DISCUSSION

### I.    Legal Standard

Rule 15 of the Federal Rules of Civil Procedure instructs courts to "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Despite Rule 15's liberal standard, "a district court may properly deny leave when amendment would be futile." *Stegemann v. United States*, 132 F.4th 206, 210 (2d Cir. 2025) (quoting *Jones v. N.Y. State Div. of Mil. & Naval Affs.*, 166 F.3d 45, 50 (2d Cir. 1999)).  "[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss."  *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015).  In other words, to determine if an amended pleading "states a claim, [courts] consider the proposed amendment[s] . . . along with the remainder of the complaint, accept as true all non-conclusory factual allegations therein, and draw all reasonable inferences in [the pleader's] favor to determine whether the allegations plausibly give rise to an entitlement to relief."  *Xerox Corp. v. Lantronix, Inc.*, 342 F. Supp. 3d 362, 370 (W.D.N.Y. 2018) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)).

"Because determination of futility is subject to the same standards as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure '[f]utility is generally adjudicated without resort to any outside evidence.'"  *Cano v. DPNY, Inc.*, 287 F.R.D. 251, 257 (S.D.N.Y. 2012) (citation omitted).  But as on a Rule 12(b)(6) motion, "[a] complaint 'is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.'"  *Nicosia v. Amazon.com, Inc.*, 834 F.3d

- 3 -

220, 230 (2d Cir. 2016) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)).  "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint."  *Chambers*, 282 F.3d at 153 (citation omitted).  A document is generally considered integral to the complaint when it "is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls[.]"  *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

## II.   Discussion

### A. Defendant's Exhibits

In support of its opposition, Defendant once again relies on two documents: (1) excerpts from the Qualified Retirement Plan adopted by Elm Street Technology LLC (the "Plan"); and (2) the Summary Plan Description for the Plan.  (*See* Dkt. 19-1 at ¶¶ 3-4; Dkt. 19-2; Dkt. 19-3).  Although these documents are not attached to the proposed amended complaint, Defendant argues that these documents govern the terms of Plaintiff's retirement account maintenance and that the Court may consider them in deciding the motion.  (Dkt. 19 at 9-10).  The Court did not consider these documents on the motion to dismiss the original complaint because it was not clear whether Plaintiff relied upon these documents in formulating his breach of contract claim—indeed, it was not even clear whether Plaintiff was alleging that he was a participant in the Plan governed by these documents.  (Dkt. 15 at 4-6).  But this time around, it is apparent that the documents may be considered.

Plaintiff does not dispute the authenticity of these documents but summarily argues in a footnote that "the exhibits should be disregarded by the Court." (Dkt. 22 at 5 n.2). The Court disagrees. Plaintiff's proposed amended complaint asserts an ERISA-based breach of fiduciary duty claim. (Dkt. 16-3). "Fiduciaries under ERISA are those so named in the plan, or those who exercise fiduciary functions." *In re Citigroup Erisa Litig.*, 104 F. Supp. 3d 599, 613 (S.D.N.Y. 2015), *aff'd sub nom. Muehlgay v. Citigroup Inc.*, 649 F. App'x 110 (2d Cir. 2016). Plaintiff's proposed claim is premised on an assumed fiduciary duty arising from the obligations established in an ERISA-governed retirement plan. In other words, the Plan documents are integral to Plaintiff's claimed ERISA-based breach of fiduciary claim. Accordingly, the Court may consider Defendant's exhibits to determine the legal sufficiency of Plaintiff's proposed cause of action. *See, e.g.*, *Smith v. Stockwell Const. Co.*, No. 10-CV-608S, 2011 WL 6208697, at *2 (W.D.N.Y. Dec. 14, 2011) ("Although Plaintiff did not attach a copy of the Plan to her Complaint [alleging ERISA violations], she references the Plan therein, and it is clearly essential to this Court's analysis."); *see also Massimino v. Fid. Workplace Servs., LLC*, No. 1:15-CV-01046(MAT), 2016 WL 6893609, at *4 (W.D.N.Y. Nov. 23, 2016) (same and collecting cases), *aff'd,* 697 F. App'x 85 (2d Cir. 2017).

## B. Section 1132(a)(2) – Breach of Fiduciary Duty

Title 29 U.S.C. § 1132(a)(2) permits the participant or beneficiary of an ERISA-governed plan to bring a civil action for breach of fiduciary duty. The scope of such an action is set forth in 29 U.S.C. § 1109, which provides:

> [a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a).  "The well-settled elements of a cause of action for participation in a breach of fiduciary duty are 1) breach by a fiduciary of a duty owed to plaintiff, 2) defendant's knowing participation in the breach, and 3) damages."  *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 571 (2d Cir. 2016) (quoting *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270, 281-82 (2d Cir. 1992), *abrogated on other grounds by Gerosa v. Savasta & Co., Inc.*, 329 F.3d 317 (2d Cir. 2003)).

But the threshold issue is whether Defendant is an ERISA fiduciary.  *See Pegram v. Herdrich*, 530 U.S. 211, 226 (2000) ("In every case charging breach of ERISA fiduciary duty, then, the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint.").

ERISA provides for two types of fiduciaries, "named fiduciaries" and "functional fiduciaries."  *See In re Xerox Corp. ERISA Litig.*, 483 F. Supp. 2d 206, 213 (D. Conn. 2007) ("[O]ne can be a fiduciary under ERISA because one is named as a fiduciary or by virtue of one's functions, i.e. what one does with respect to the Plans.").  As Defendant observes, Defendant is not a named fiduciary in the Plan.  (Dkt. 19 at 11).  The Plan summary

identifies the employer, Elm Street Technology LLC, as the Plan Administrator and Counsel Trust DBA MATC as the trustee. (Dkt. 19-3 at 8). The Plan does not identify Defendant as a fiduciary. Furthermore, Plaintiff does not allege that Defendant is a named fiduciary in the Plan, but instead that Defendant "serviced" Plaintiff's 401(k). (Dkt. 16-3 at ¶ 2). Thus, Plaintiff is not pursuing a theory of liability based on the contention that Defendant was a named fiduciary, nor could he.

A fiduciary duty may still arise when a person or entity performs a fiduciary function in relation to a plan. A person may be considered a functional fiduciary in one of three ways:

> (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). Plaintiff concedes that the second prong is inapplicable here but contends that the allegations in the proposed amended complaint are sufficient to confer fiduciary status via the first and third prongs. (Dkt. 22 at 3-5).

Plaintiff first argues that the proposed amended complaint plausibly alleges that Defendant exercised discretionary authority regarding the disposition of plan assets because Defendant issued the checks from Plaintiff's 401(k) account to Plaintiff. (*Id.* at 3). This argument is unpersuasive. The Second Circuit Court of Appeals has concluded that "[t]he 'management or disposition' language in ERISA refers to the common transactions in dealing with a pool of assets: selecting investments, exchanging one

instrument or asset for another, and so on" and does not involve requests for rollover funds. *Harris Tr. & Sav. Bank v. John Hancock Mut. Life Ins. Co.*, 302 F.3d 18, 28 (2d Cir. 2002) (quoting *Johnson v. Georgia-Pac. Corp.*, 19 F.3d 1184, 1189 (7th Cir. 1994)).   The proposed amended complaint does not allege that Defendant had any discretionary control over the management of the account assets and therefore the first prong is not applicable.

Plaintiff's argument regarding the third prong of the statutory definition fares no better.  Plaintiff argues that Defendant is a fiduciary under this prong because disbursement of the 401(k) funds to Plaintiff is a discretionary function related to the administration of the plan.  (Dkt. 22 at 4).  Plaintiff cites no caselaw to support his position.  Defendant argues that the ministerial task of issuing a check upon Plaintiff's request for the funds does not confer fiduciary status.  The Court agrees with Defendant.  "In the context of ERISA service providers, fiduciary status attaches to the party empowered to make unilateral changes to the investment menu by its contractual arrangement with the plan." *Rosen v. Prudential Ret. Ins. & Annuity Co.*, 718 F. App'x 3, 5 (2d Cir. 2017).  There are no allegations that Defendant exercised unilateral discretionary authority regarding the Plan's administration or investments.  Issuing a check upon the participant's request does not confer fiduciary status.  *See Disberry v. Emp. Rels. Comm. of Colgate-Palmolive Co.*, 646 F. Supp. 3d 531, 544 (S.D.N.Y. 2022) (holding that a defendant was not an ERISA fiduciary where "[t]he only action that [defendant] took in connection with the fraud was to issue a check for the amount in Plaintiff's account.  Plaintiff has not alleged any facts to show that [defendant] had 'authority' or 'control' with respect to that action.").

The plan at issue in *Disberry v. Emp. Rels. Comm. of Colgate-Palmolive Co.* stated that the non-fiduciary defendant was "responsible for 'provid[ing] benefit payment disbursement services for the Company's Plans," including creating and furnishing "checks, direct deposits, or wire transfers for participant benefit distributions *as instructed by the Plans' recordkeeper(s)*.'" *Id.* The Plan here similarly provides that "upon a valid [distribution] request, the Plan Administrator will direct the Trustee (or Custodian, if applicable) to commence distribution as soon as administratively feasible after the request is received." (Dkt. 19-2 at 4). Such language does not provide discretionary authority necessary to confer fiduciary status. *See Cement & Concrete Workers Dist. Council Pension Fund v. Ulico Cas. Co.*, 387 F. Supp. 2d 175, 187 (E.D.N.Y. 2005) (observing that subparagraph (iii) of the statutory fiduciary definition "merely imposes upon plan sponsors an obligation to administer the plan according to its terms" and creates no additional obligations), *aff'd*, 199 F. App'x 29 (2d Cir. 2006). The proposed amended complaint does not contain any allegations that Defendant had discretionary authority over the administration of the Plan. Plaintiff only alleges that Defendant "serviced" Plaintiff's 401(k) account and issued the checks upon his request. (Dkt. 16-3 at ¶¶ 2, 12-14). These allegations are insufficient to plausibly allege that Defendant served a role as functional fiduciary.

As the proposed amended complaint does not allege that Defendant is a fiduciary, the proposed breach of fiduciary duty claim necessarily fails. Accordingly, granting leave to amend would be futile.

Moreover, even if Plaintiff's proposed amended complaint alleged that Defendant was a fiduciary, the breach of fiduciary duty claim would still be futile. The caselaw is clear that an ERISA breach of fiduciary duty claim may only be brought on behalf of the plan, and not for a plaintiff's individualized claim. *See, e.g.*, *Kulesza v. N.Y. Univ. Med. Ctr.*, 129 F. Supp. 2d 267, 271 (S.D.N.Y. 2001) ("[A] beneficiary suing in his or her individual capacity lacks standing to seek damages for breach of fiduciary duty under ERISA."). Indeed, in *Massachusetts Mut. Life Ins. Co. v. Russell*, the Supreme Court concluded that ERISA's breach of fiduciary duty provision cannot be used to seek individual relief, holding that a claim pursuant to § 1132(a)(2) must "inure[] to the benefit of the plan as a whole." 473 U.S. 134, 140 (1985); *see also Coan v. Kaufman*, 457 F.3d 250, 257 (2d Cir. 2006) ("[T]he Supreme Court stated that [breach of fiduciary duty] claims may not be made for individual relief, but instead are 'brought in a representative capacity on behalf of the plan.'" (quoting *Mass. Mut. Life Ins. Co.*, 473 U.S. at 142 n.9)). Because Plaintiff's proposed amended complaint seeks individualized relief, his claim for breach of fiduciary duty cannot proceed.

### C. Sections 1132(a)(1)(B) and 1132(a)(3)

At the end of Plaintiff's proposed amended complaint, he states that he seeks "actual damages" pursuant to § 1132(a)(1)(B) and equitable relief pursuant to § 1132(a)(3). (Dkt. 16-3 at 5). To the extent that Plaintiff's proposed amended complaint seeks relief pursuant to those provisions, the requests are also meritless and thus futile.

Section 1132(a)(1)(B) permits a plan participant or beneficiary to bring a civil claim "to recover benefits due to him under the terms of his plan, to enforce his rights under the

terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B). "The Second Circuit has held that a claim for benefits pursuant to [that section] may only be asserted against the plan itself, the plan administrator, and the plan trustees." *Plastic Surgery Grp., P.C. v. United Healthcare Ins. Co. of N.Y.*, 64 F. Supp. 3d 459, 469 (E.D.N.Y. 2014) (citing *Crocco v. Xerox Corp.*, 137 F.3d 105, 107 (2d Cir. 1998)). Plaintiff does not allege that Defendant is the plan administrator or trustee. Furthermore, a claim under § 1132(a)(1)(B) requires a plaintiff to allege that he was "wrongfully denied a benefit owed under the plan." *Palmatier v. Lockheed Martin Corp.*, No. 1:13-CV-133, 2014 WL 1466489, at *5 (N.D.N.Y. Apr. 15, 2014) (citing *Giordano v. Thomson*, 564 F.3d 163, 168 (2d Cir. 2009)). The proposed amended complaint does not identify what benefit Plaintiff was owed under the terms of the Plan that was denied to him. There is no allegation that the Plan required Defendant to provide a new check if the rollover funds Plaintiff previously received were lost or stolen by a third party. Nor does Plaintiff point to any provision in the Plan indicating the Defendant was ultimately responsible for the rollover funds if those funds were lost or stolen after Plaintiff received them. Based on the allegations in the proposed amended complaint, Plaintiff received all the benefits that were due to him when he received the rollover checks.

Finally, section 1132(a)(3) permits a plan participant to bring a civil action "(A) to enjoin any act or practice which violates any provision of . . . the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any . . . terms of the plan[.]" 29 U.S.C. § 1132(a)(3). Plaintiff's request for "equitable relief . . . sufficient to redress [his] losses (lost funds + tax penalties)" (Dkt. 16-3 at 5) must

be rejected because § 1132(a)(3) only supports a claim for equitable relief—not money damages like the ones sought by Plaintiff here. *See Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 221 (2002) ("[Section 1132(a)(3)] by its terms, only allows for equitable relief. . . . Because petitioners are seeking legal relief—the imposition of personal liability on respondents for a contractual obligation to pay money—§ [1132(a)(3)] does not authorize this action.").

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to file an amended complaint (Dkt. 16) is denied as amendment would be futile. The Clerk of Court is directed to enter judgment in favor of Defendant and to close the case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: February 17, 2026
        Rochester, New York